## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLANK LABEL GROUP, INC. *et al.*,[1] | Case No. 23-10286 (JTD) |
| Debtor. | (Jointly Administered) |
| | |
| BLACKLAPEL CUSTOM CLOTHIERS INC., | Adv. Pro. No. 23-50412-JTD |
| Plaintiff, | |
| v. | |
| SETTLE FUNDING, LLC, | |
| Defendant. | |

### SETTLE FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEBTOR'S COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW AND RECLASSIFY CLAIMS PURSUANT TO 11 U.S.C. § 502

Defendant Settle Funding, LLC, ("Settle" or "Defendant"), by and through its undersigned counsel, hereby files its *Answer and Affirmative Defenses* (this "Answer") to debtor-plaintiff Blacklapel Custom Clothier, Inc.'s ("Debtor" or "Plaintiff") *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow and Reclassify Claims Pursuant to 11 U.S.C. § 502* [Adv. Docket No. 1] (the "Complaint"),[2] and respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330). The Debtors' mailing address is 36 Broomfield Street, 203, Boston, MA 02108.

[2] Capitalized terms not otherwise defined herein refer to such definitions as may be used in the Complaint without admission or concession of any allegation or waiver of any rights, claims or defenses with respect thereto, which instead are specifically reserved.

**Nature of the Case**

1.      This paragraph contains Plaintiff's characterization of the nature of this action to which no response is required. Moreover, the Complaint, being a writing, speaks for itself as to the purported nature of Plaintiff's claims. To the extent a response is required, the allegations are denied.

2.       This paragraph contains Plaintiff's characterization of the nature of this action to which no response is required. Moreover, the Complaint, being a writing, speaks for itself as to the purported nature of Plaintiff's claims. To the extent a response is required, the allegations are denied.

**Jurisdiction and Venue**

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      The allegations included in this paragraph state legal conclusions to which no response is required. Moreover, the Complaint, being a writing, speaks for itself with respect to the statutory and legal predicates for the relief sought. To the extent a response is required, the allegations are denied.

7.      This paragraph contains Plaintiff's statement of consent to the entry of final orders, to which no response is required. To the extent a response is required, Settle consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Procedural Background**

8.      Admitted in part. Settle admits that the Debtors commenced these chapter 11 cases on or about the Petition Date. Settle is without information sufficient to determine the truth of the remaining allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

9.      Admitted, upon information and belief.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied. Though not attached to the Complaint, the First Day Declaration, being a writing, speaks for itself. In any event, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

15.     Admitted.

16.     Admitted.

17.     Admitted, upon information and belief.

**The Parties**

18.     Admitted, upon information and belief.

19.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20.     Denied as pled.

21.     Admitted.

22.      Admitted.

## Factual Background

23.      Admitted.

24.      Denied as pled.

25.      Admitted.

26.      Admitted.

27.      Admitted in part. Settle admits that the Financing Statement was filed to secure, among other obligations, a loan made on or about the same date. Settle denies the remaining allegations to the extent they suggest that Settle had an obligation to take any further action to secure Plaintiff's existing or future obligations owed to Settle.

28.      The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

29.      The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

30.      The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

31.      The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

32.    The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

33.    The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

34.    Admitted, upon information and belief.

35.    The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

36.    Admitted in part. Settle admits that the parties never executed "any umbrella or master agreement", but denies the remaining allegations to the extent they suggest any obligation to do so or that such agreement is or was necessary to secure Plaintiff's existing or future obligations owed to Settle.

37.    Admitted.

38.    Admitted.

39.    Admitted.

40.    Admitted as to Plaintiff's stated intent in filing the Complaint, but denied as to Plaintiff's right to such relief.

## First Claim for Relief

### (Declaration Concerning the Validity, Perfection, and Enforceability of Defendant's Interest in Plaintiff's Collateral)

41.    Settle restates its responses to the prior allegations as if set forth fully herein.

42.    Admitted.

43.      The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial.

44.      The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

45.      The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

46.      The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

47.      The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

48.      The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

49.     The referenced Agreements, being writings, speak for themselves. Inasmuch as the Agreements are the best evidence of the facts alleged in this paragraph of the Complaint but are not attached thereto, the allegations are denied and strict proof thereof is demanded at trial

50.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

51.     Admitted in part. Settle admits that the Financing Statement was filed to secure, among other obligations, a loan made on or about the same date, and that the Financing Statement was the only UCC-1 it filed with respect to Plaintiff. Settle denies the remaining allegations to the extent they suggest that Settle had an obligation to take any further action to secure Plaintiff's existing or future obligations owed to Settle.

52.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

53.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

54.     Denied as pled.

55.     Denied.

56.     Denied.

57.     Denied. Settle denies that Plaintiff has a right to the relief sought in this claim.

**Second Claim for Relief**

**(Reclassification of Non-Secured Portion of Defendant's Proof of Claim as Unsecured – 11 U.S.C. §§ 502 and 506(d))**

58.     Settle restates its responses to the prior allegations as if set forth fully herein.

59.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

60.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

61.     Denied.

62.     Denied. Settle denies that Plaintiff has a right to the relief sought in this claim.

**Third Claim for Relief**

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

63.     Settle restates its responses to the prior allegations as if set forth fully herein.

64.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

65.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

66.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

67.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

68.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

69.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

70.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

71.     Admitted in part. Settle admits that it has not repaid the alleged Transfers, but it denies that it has any obligation to do so.

72.     Denied. Settle denies that Plaintiff has a right to the relief sought in this claim.

**Fourth Claim for Relief**

**(Recovery of Preferential Transfers – 11 U.S.C. § 550)**

73.     Settle restates its responses to the prior allegations as if set forth fully herein.

74.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient

to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

75.     Denied. Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

76.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

77.     Denied. Settle denies that Plaintiff has a right to the relief sought in this claim.

**Fifth Claim for Relief**

**(Disallowance of All Claims – 11 U.S.C. §§ 502(d) and (j))**

78.     Settle restates its responses to the prior allegations as if set forth fully herein.

79.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

80.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

81.     The allegations included in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Settle is without information sufficient to determine the truth of the allegations included in this paragraph and therefore denies the same demanding strict proof thereof at trial.

82.     Admitted in part. Settle admits that it has not repaid the alleged Transfers, but it denies that it has any obligation to do so.

83.     Denied. Settle denies that Plaintiff has a right to the relief sought in this claim.

84.     Denied. Settle denies that Plaintiff has a right to the relief sought in this claim.

## Affirmative Defenses

### First Affirmative Defense

Settle hereby adopts and incorporates by reference and pursuant to Federal Rule of Civil Procedure 10(c), all allegations and exhibits included in its Proof of Claim [Claim No. 4-1] filed in the Debtors' main bankruptcy cases, as if fully restated herein.

### Second Affirmative Defense

Plaintiff and its various debtor and non-debtor affiliates have unclean hands which therefore precludes the requested relief.

### Third Affirmative Defense

Each of the alleged Transfers was made in the ordinary course of business or was made in exchange for reasonably equivalent value.

### Fourth Affirmative Defense

Each of the alleged Transfers was made on account of a secured obligation.

### Fifth Affirmative Defense

The Plaintiff was not insolvent at the time of each of the alleged Transfers, nor did it become insolvent as a result thereof.

### Sixth Affirmative Defense

Plaintiff has failed to state adequate and sufficient facts upon which relief may be granted or otherwise entitling Plaintiff or any of the Debtors to relief.

WHEREFORE, defendant Settle respectfully requests that judgment on each and all of the claims set forth in the Complaint be entered in Settle's favor and against Plaintiff, including, but not limited to, that the amounts asserted by Settle in its Proof of Claim are fully secured by valid, perfected, first-priority liens on all of Plaintiff's assets, together with all of its fees and costs, including attorney's fees, and granting such other and further relief as the Court deems just and proper

Dated: July 24, 2023

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings, Esq. (DE 5564)
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
(704) 749 8965
jarret.hitchings@bclplaw.com

-and-

Scott H. Olson, Esq. (California SBN 249956)
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
(415) 675-3481
scott.olson@bclplaw.com

*Counsel for Settle Funding, LLC*